IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                                    Plaintiff,<br><br>vs.<br><br>Darnell Anthony Ward,<br><br>                                                    Defendant. | Case No. 1:25-cr-00160 |

ORDER DENYING MOTION TO DISMISS

[¶ 1]   THIS MATTER comes before the Court on Defendant's Motion to Dismiss Indictment filed on February 14, 2026. Doc. No. 66. The United States filed a Response on February 18, 2026. Doc. No. 69. The Defendant filed a Reply on February 19, 2026. Doc. No. 70. For the reasons stated below, the Motion is **DENIED**.

BACKGROUND

[¶ 2]   An Indictment filed on July 16, 2025, charged the Defendant with Attempted Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 846. Doc. No. 1. Defendant was arrested on July 31, 2025, and had his initial appearance on August 5, 2025. Doc. Nos. 4, 6. A detention hearing was held on August 18, 2025, at which time Magistrate Judge Hochhalter ordered the Defendant detained pending trial. Doc. No. 17.

[¶ 3]   Trial was originally scheduled for October 7, 2025. Doc. No. 11. However, on September 5, 2025, Attorney Magdalena Brockel ("Attorney Brockel") filed a Motion to Continue indicating the Defendant did not consent but she had another federal trial on October 2, 2025. Doc. No. 25. The Court granted the Motion to Continue making an "ends of justice" finding, specifically noting

the Defendant would be deprived of continuity of counsel by not continuing trial. Doc. No. 26. Trial was continued until March 10, 2026. Id.

[¶ 4]  On September 15, 2025, the Defendant filed a Motion to Substitute Counsel. Doc. No. 29. The Court denied that Motion, holding that (1) Attorney Brockel had no choice but to request a trial continuance given the Red Tomahawk trial, (2) the Defendant's constitutional right to a speedy trial had not been violated, and (3) that appointing new counsel would likely result in even more significant delay for the Defendant's trial than continuing the case. Doc. No. 30.

[¶ 5]  On October 21, 2025, the Defendant filed a *pro se* Motion to Dismiss Indictment for Speedy Trial Act violations previously raised. Doc No. 31. See also Doc. No. 30. The Defendant filed a Motion to Substitute Attorney in November 2025, Doc. No. 36; however, after a hearing, Magistrate Judge Hochhalter found no "conflicts or an irreparable breakdown in communications that would necessitate the appointment of substitute counsel." Doc. No. 38.

[¶ 6]  A Superseding Indictment was filed on November 20, 2025, which added a co-Defendant and charged the Defendant with an additional count: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C). Doc. No 41. Defendant was arraigned on the new count on November 25, 2025. Doc. No. 47.

## DISCUSSION

[¶ 7]  The grounds for this motion are the same as the previous motions filed *pro se* by the Defendant, but this time it is through counsel. See Doc. Nos. 25, 29, 31. Defendant argues his Speedy Trial clock ran out in November 2025 because the continuation the Court granted in

September, and subsequent delay until March 2026, was in violation of his rights and requests his indictment be dismissed with prejudice. Doc. No. 66.[1]

[¶ 8]    The Eighth Circuit has deemed continuity of counsel a valid reason for an "ends of justice" finding. See United States v. Stackhouse, 183 F.3d 900, 901 (8th Cir. 1999) (per curiam). Whether or not the ends of justice outweighed the right to a speedy trial is a fact determination. Id. at 902. According to the record before the Court at the time the Motion was made and granted, the ends of justice were best served by continuing the trial instead of appointing new counsel. See Doc. No. 26. A defendant's objection does not change the ruling of the Court that all time is excluded from the speedy trial clock. See United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (Defendant's "opposition to his counsel's request for a continuance does not prevent that time from being excluded from the speedy trial calculation."). The Court finds nothing on the record that would invalidate its September or its October ruling. See Doc. Nos. 26, 33. The Court's previous calculation of nineteen days is less than 70 days and therefore, there is no Speedy Trial Act violation. See 18 U.S.C. § 3161(c)(1).

[¶ 9]    Further, all this argument about the previous continuance is moot. The Defendant was charged with a new co-defendant in a Superseding Indictment on November 20, 2025. Doc. No. 41. When a defendant is joined, the speedy trial clock is reset. United States v. Lightfoot, 483 F.3d 876, 885–86 (8th Cir. 2007) ("[W]e have held that when a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant."). The Speedy Trial count now stands at zero, which is less than 70 days and therefore, there is no Speedy Trial Act violation. See 18 U.S.C. § 3161(c)(1).

---

[1] The Court notes that this Motion was filed in February, nearly three months after the alleged clock ran out and only three weeks before the new trial date.

- 4 -

## **CONCLUSION**

[¶ 10]  Based on the above, the Court finds there is no violation of the Defendant's speedy trial rights under the Speedy Trial Act or the Sixth Amendment. Consequently, the Defendant's Motion to Dismiss Indictment (Doc. No. 66) is **DENIED**. The trial set for March 10, 2026, will continue as scheduled.

[¶ 11]  **IT IS SO ORDERED.**

DATED February 24, 2026.

Daniel M. Traynor, District Judge
United States District Court